FILED
CLERK, U.S. DISTRICT COURT

APR 26 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

HEAVY METAL, INC. a California corporation,

    Plaintiff,

vs.

HARTFORD UNDERWRITERS INSURANCE COMPANY, a Connecticut corporation; and DOES 1 through 25, inclusive,

    Defendants.

Case No. CV 10-00335 VBF (FFMx)

[~~PROPOSED~~] PROTECTIVE ORDER RE: CONFIDENTIALITY OF DOCUMENTS AND OTHER INFORMATION

**NOTE CHANGES MADE BY THE COURT**

    Based on the Stipulated Request by and between Plaintiff Heavy Metal, Inc. ("Heavy Metal") and Defendant Hartford Underwriters Insurance Company ("Hartford"),[1] and for good cause shown, the Court hereby enters this Protective Order regarding the confidentiality of documents and other information in this Action, as set forth below.

---

[1] References to "Hartford" in this Protective Order shall refer to Hartford Underwriters Insurance Company, or, if a stipulated request or motion for substitution of defendants is made and granted, to the corporate affiliate thereof that issued insurance policy number 72 UUQ UM4385 SC on which Heavy Metal is suing.

1
PROTECTIVE ORDER

## A. PURPOSE

The purpose of this Protective Order is to protect Heavy Metal and Hartford (collectively, the "Parties," or separately, a "Party") from commercial and business injury that may result if their confidential information is used outside of this litigation, and to prevent the adverse impact of such disclosure on the Parties' ability to do business in their respective markets. The purpose of this Protective Order is not to impair the access to or use of discoverable information, but to take into account and address the possibility that confidential information will be sought in discovery and used in this litigation.

As an insurance company, Hartford asserts it is part of a highly regulated and competitive market and has developed policies, systems, databases, records, and procedures for, among other things, pricing its products, handling claims, estimating risk, complying with regulations, and estimating the value of claims ("Hartford Confidential Information"). Hartford contends that these policies, systems, databases, records, and procedures give it a competitive advantage in the market, which would be prejudiced if these policies, systems, databases, records, and procedures were publicly disclosed. Hartford advises that it takes steps to protect these policies, systems, databases, records, and procedures.

Similarly, Heavy Metal wishes to protect information that it asserts is sensitive, such as details about its relationships with buyers of its products, its pricing, revenues, profits, asserted lost business, and other financial data, and its interaction with counsel ("Heavy Metal Confidential Information"). Heavy Metal advises that public disclosure of such information would prejudice its competitive advantage in the market, and that it takes steps to protect against the public disclosure of such.

## B. DEFINITIONS

The following capitalized words are defined terms in this Protective Order:

1. The term "Document(s)" means and shall be broadly construed to

2
PROTECTIVE ORDER

include any writings, recordings, or photographs as defined in Federal Rule of Evidence 1001, as well as any letter, report, correspondence, note, file folder, book, article, memorandum, diary, paper, film or microfilm, videotape, drawing, bank statement credit card statement, deposit slip, or other writing. The term "Document(s)" specifically includes any electronically-stored or computer-generated form or version of any of the foregoing.

2. "Underlying Litigation" means either or both of the following two actions in which Heavy Metal was named as defendant, and in which Hartford appointed counsel to represent Heavy Metal: *Hegwood, et al. v. Ross Stores, Inc., et al.*, United States District Court, Northern District of Texas, Case No. 3:04-CV-26774-BH-(G) (including the appeal therefrom); and *Fischella v. Homegoods Store, et al.*, San Diego Superior Court, Case No. GIC872994.

3. "Confidential Discovery Materials" means Hartford Confidential Information and Heavy Metal Confidential Information, including as set forth or contained in Documents, as defined above; deposition testimony taken in this action, exhibits thereto and/or transcripts thereof, whether in written, audio-visual tape, or computerized format; and responses to interrogatories, requests for admissions, or requests for production of documents served in this Action, and which the Parties have not previously publicly disclosed because, among other things, they derive a competitive advantage by maintaining the confidentiality of the information and which:

    a. Refer to, relate to, and/or constitute the Parties' financial information, including but not limited to revenues, expenses, profits, assets, liabilities, and terms of their business relationship with third-parties;

    b. Refer to, relate to, and/or constitute to amounts incurred and/or paid by the Parties as legal fees and costs in connection with the Underlying Litigation;

    c.    Refer or relate to insurance policy number 72 UUQ UM4385 SC issued by Hartford and under which Heavy Metal is suing (the "Policy");

    d.    Refer to, relate to, and/or constitute Hartford's claim file(s) for the handling of Heavy Metal's claims for a defense and/or indemnity in connection with the Policy or the Underlying Litigation or reserves for the Underlying Litigation or this action; or

    e.    Refer to, relate to, and/or constitute the files of counsel representing or assisting Heavy Metal in connection with the Underlying Litigation.

The fact that a particular category of document has been referred to above shall not be construed as a concession that such category is a proper subject of discovery in this action, that such information is properly within the ambit of Hartford Confidential Information or Heavy Metal Confidential Information, and/or that any documents within such category will be produced, nor shall it constitute a waiver of any applicable privilege or privacy right, including but not limited to the attorney-client and/or work product privileges.

Confidential Discovery Materials may include, but shall not be limited to, trade secrets, research, development, commercial proprietary, financial, or other private information.

**C.   DISCOVERY TO PARTIES IN THIS ACTION**

1.    Any attorney of record may designate materials as Confidential Discovery Materials by so marking them at the time they are produced, exchanged, or provided, whether singly or in bulk. Documents may also be designated as Confidential Discovery Materials by identifying them by document control number, Bates number, or other identifying methods in correspondence copied to the other Party's counsel at the time such documents are produced, exchanged, or

provided.

2. Except by Court Order, Confidential Discovery Materials shall not be used outside this Action by any Party (other than the producing Party) for any purpose, including without limitation, other litigation or business or commercial purpose(s). The restrictions imposed by this Protective Order shall not apply to any Document or information that either (1) has had its designation as Confidential Information withdrawn by the Party that originally designated it as such, by expressly notifying the other Party in writing of the withdrawal of the prior designation; or (2) has been determined by the Court to not be entitled to designation as Confidential Information.

3. Certain Documents may be produced in this Action prior to the Court's entry of this Protective Order. Any Party wishing to designate any previously-produced Documents as Confidential Discovery Materials shall have 30 days from entry of this Protective Order by the Court to identify such Documents by document control number, Bates number, or other identifying methods in correspondence copied to the other Party's counsel.

4. In the case of deposition testimony, any Party may designate testimony by any witness as Confidential Discovery Materials at the time of the deposition or by written notice to the other Party's counsel within 14 days after receipt of the written transcript. Any Party may, at any time after the periods set forth herein, designate as Confidential Discovery Materials any Documents, testimony, or written discovery by agreement of the other Party or upon leave of the Court. Any receiving Party has the right to challenge any designation under the procedures set forth below.

5. Any Documents or information designated as Confidential Discovery Materials may be disclosed by the receiving Party only to the following persons without providing a copy of this Protective Order to the person and having them execute the attached "Certification re: Protective Order":

  a. The attorneys of record for the Parties in this Action, and others employed by them;

  b. The Court and Court personnel;

  c. Persons to whom Confidential Discovery Materials were otherwise lawfully available outside of this Action, such as third-party authors or recipients;

  d. Officers, directors, attorneys, and employees of the producing or receiving Party to whom it is reasonably necessary that the Documents be shown for purposes of this Action;

  e. Reinsurers, retrocessionaires, and auditors of any Party;

  f. Court reporters in this Action; or

  g. Employees of copying, document management, or courier services used by any Party with respect to the prosecution or defense of this Action.

6. Any Documents or information designated or marked as Confidential Discovery Materials may be disclosed by the receiving Party to the following persons only upon providing such persons with a copy of this Protective Order, and obtaining from them an agreement to abide by its terms, expressed by signing a copy of the attached "Certification re: Protective Order":

  a. Independent experts and consultants and their employees;

  b. Witnesses or potential witnesses in this Action who are not employed by a party or within a description of paragraph 5, Section C hereof; or

  c. Such other persons as are designated by the producing Party and agreed to by the other Party in writing or by Court Order.

7. The Parties may agree in writing or on the record, without further order of this Court, to allow disclosure of Confidential Discovery Materials to a person who otherwise would not be authorized to receive such Documents or

information hereunder.

8. Confidential Discovery Materials presented to the Court shall be provided under a caption labeled "CONFIDENTAL INFORMATION SUBJECT TO PROTECTIVE ORDER OF THIS COURT," and lodged or filed, if at all, in compliance with Local Rule 79-5 et seq., or as the Court may otherwise direct. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

9. Counsel for any Party may at any time serve a written notice upon counsel for the other Party (a) objecting to a designation of Confidential Discovery Materials, (b) proposing to disclose Confidential Discovery Materials to a person to whom such disclosure is not authorized by this Protective Order, and/or (c) proposing to designate as Confidential Discovery Materials any material that the Party had inadvertently failed to so designate. The Parties shall attempt within 15 days from the notifying Party's sending of such notice to resolve in good faith any dispute concerning (a), (b), or (c), including written explanations by the Party seeking to maintain the status of information as Confidential Information explaining the reason(s) why such information needs protection from disclosure without the protections herein afforded hereunder and by the Party seeking disclosure not burdened by the provisions hereof the reason(s) why such designation adversely affects such Party's legitimate needs to use the specified designated documents, things, or information in this or related litigation without the protections afforded to such designated materials hereunder. If the attempt to resolve the dispute is unsuccessful, the notifying Party may move for an order changing the designation of the Documents or materials at issue and/or authorizing the disclosure of Confidential Discovery Materials to a person not otherwise so authorized herein. The procedures set forth in this paragraph are not intended to, and do not, displace any statute, law, or rules regarding discovery motions. Rather,

the procedures set forth in this paragraph are in addition to any applicable statute, law, or rules regarding discovery motions.

10. If any dispute arising under paragraph 9 of this Section C is submitted to the Court, the Party seeking to designate the material as Confidential Discovery Materials or seeking to disclose Confidential Discovery Materials to any person shall have the burden of demonstrating good cause for such designation or disclosure. The Court shall make an independent determination as to whether any disputed information is to be protected from public disclosure or whether the Confidential Discovery Materials may be shown to the proposed person. This Protective Order shall not alter the burden of proof as to any issues.

11. This Protective Order shall continue to apply to any Confidential Discovery Materials retained by any Party after final termination of this Action, by judgment or otherwise.

12. This Protective Order shall not affect any Party's right to object to the use in this Action of any Documents, Confidential Discovery Materials, testimony, or other information on any ground. Furthermore, this Protective Order shall not affect any Party's use of its own Confidential Information or any Documents not marked as Confidential Discovery Materials in any manner permitted by law. Entry of this Protective Order shall not restrict the right of any Party to file an application for an order seeking modification of this Protective Order or different or further protection.

13. The designation of any material as Confidential Discovery Materials shall not constitute an admission or acknowledgment by any Party that any such materials are, in fact, confidential, commercially sensitive, proprietary, or otherwise protectable. The fact that materials have been designated Confidential Discovery Materials shall not prejudice the right of any Party to contest the confidential or proprietary nature of any such materials at the time of trial or otherwise.

14. The Court shall determine at the time of trial what legend, if any, shall be permitted to appear on exhibits to be shown to the jury.

15. This Protective Order shall not limit or affect any Party's right to object to the authenticity or admissibility of any evidence at the time of trial.

### D. DISCOVERY INVOLVING THIRD PARTIES

1. The Parties may contend that they have confidential or other significant relationships with certain third parties from whom Documents or other tangible things may be subpoenaed or oral testimony sought, such that the Parties contend they would be entitled to file motions for protective orders with respect to the third-party document subpoenas. This Protective Order, and the Parties' Stipulated Request to enter such, is intended to avoid the need for such motions. However, no Party, by entering into the foregoing Stipulated Request, waives its right to later file appropriate motions with respect to any third-party document subpoena, and the Parties have expressly reserved their right to file or oppose such motions.

2. Prior to the production of Documents or tangible things responsive to any and all third-party document subpoenas served in this matter, the Party who contends it has a confidential or other significant relationship with the subpoenaed third-party shall have a reasonable opportunity to review said Documents or tangible things for the purpose of designating the same as Confidential Discovery Materials, as set forth herein.

3. In connection with any and all third-party document subpoenas served in this matter, the Party who contends it has a confidential or other significant relationship with the subpoenaed third party may designate any Document, thing, material or other information derived therefrom, as "CONFIDENTIAL" according to the terms of this Protective Order, and such Document shall be treated in accordance with the procedures described in Section C, above.

4. Nothing in this Protective Order shall be construed to limit (1) the

rights of litigants in other actions to serve discovery requests on the Parties; or (2) the subpoena power of another court. However, if any person or Party governed by this Protective Order and having possession, custody, or control of any Confidential Discovery Materials solely by reason of their having produced in this Action, receives a subpoena or other process or Protective Order to produce such Confidential Discovery Materials, he/she/it will promptly:

    a. Notify in writing all attorneys or record;

    b. Furnish those attorneys with a copy of the subpoena or other process; and

    c. Provide reasonable cooperation with respect to a procedure to protect the Confidential Discovery Materials of the Party whose interests may be affected. If the Party asserting confidentiality makes a motion to quash or modify the subpoena or other process, there shall be no disclosure of the Confidential Discovery Materials at issue until this Court or any other court has ruled on the motion, and then only in accordance with the ruling. If no motion is made despite a reasonable opportunity to do so, the person or Party receiving the subpoena or other process shall be entitled to comply with it if such person or Party has fulfilled its obligations under this Protective Order. Nothing in this paragraph shall require any person or Party to violate any provision of law or order of this Court or any other court [handwritten: or relieve any person or entity from any obligation to comply with a valid subpoena or the court's order].

**E. RETURN OR DESTRUCTION OF CONFIDENTIAL DISCOVERY MATERIALS**

    1. At the conclusion of this Action, including the time to appeal or the end of any appeal process, all Confidential Discovery Materials shall, on written request of the Party furnishing the information:

10
PROTECTIVE ORDER

    a.    Be delivered to the Party that furnished the Confidential Discovery Materials within 30 days after request is made; or

    b.    Be destroyed, in which event counsel for the Party in possession of Confidential Discovery Materials shall, within 30 days after request is made by the Party furnishing such information, certify in writing to the Party furnishing the information that such Party's Confidential Discovery Materials have in fact been destroyed.

IT IS SO ORDERED.

Dated: *April 26, 2010*

*/s/ Frederick F. Mumm*

**Frederick F. Mumm**
**United States Magistrate Judge**

*Heavy Metal, Inc. v. Hartford Underwriters Insurance Company,, et al.*
United States District Court, Central District of California
Case No. CV 10-00335 VBF (FFMx)

## CERTIFICATION RE: PROTECTIVE ORDER

I hereby certify that I have been given a copy of and have carefully read the Protective Order re: Confidentiality of Documents and Other Information ("Protective Order") entered in this Action, and that I fully understand the terms of the Protective Order. I agree to comply with those terms.

I understand that I am not to use or disclose to others Confidential Discovery Materials or any copies, notes or other records that may be made regarding Confidential Discovery Materials, except in conformance with the Protective Order. I agree not to disclose Confidential Discovery Materials to any person who has not agreed to be bound by the Protective Order.

Upon request, I agree to immediately return all Confidential Discovery Materials and any copies, notes or other records that may be made regarding such Confidential Discovery Materials to the Party who provided them to me.

I agree that this Protective Order shall be governed by the laws of the United States, and that the above Court shall have jurisdiction to enforce this Protective Order as to me.

Signature:_____

Print Name:_____

Date:_____